**422**

**Louis MADISON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40198.**

Court of Criminal Appeals of Texas.

May 3, 1967.

Rehearing Denied June 14, 1967.

O. M. Street, Dallas, for appellant.

Henry Wade, Dist. Atty., Kenneth Blassingame, Ross Teter and Kerry FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for robbery; the punishment, thirty-five years.

The trial was had and notice of appeal was given before January 1, 1966.

The injured party testified that while walking along a street, three men grabbed, hit and kicked him; that three of his teeth were knocked out, and he suffered a stab wound which punctured his intestines and liver; that his assailants took his billfold containing $4.60 in money without his consent, and put him in fear of bodily injury and his life; and while testifying, he identified the appellant as one of the three men who assaulted him and took his money.

The testimony of Officers Johnson and Hill reveals that while on patrol they saw the injured party on the street; that he had been stabbed in the stomach with a sharp instrument and was bleeding; that after getting the description of three men, they arrested three men of the same description twenty minutes later one block away after they attempted to flee; that each man had a knife with a four inch blade in his pocket, and that the knife on one of appellant's companions had stains on the blade which appeared to be blood; that, while testifying, the officers identified the appellant as one of the men they had arrested.

Testifying in his own behalf, the appellant stated that he was not present at the time of the robbery and did not participate in it; that he was at a drive-in when taken into custody along with two other men; that at the time of the arrest he was carrying a pocket knife similar to the one exhibited to him that had been introduced in evidence.

The evidence is sufficient to support the conviction.

As grounds for reversal, the appellant in his brief complains of the admission

of hearsay testimony, the leading questions used by the state, the lack of effective cross-examination of the prosecuting witness, and that he was deprived of the effective assistance of counsel.

The grounds urged as error have been examined and considered in light of the record before us, and it is concluded that none of them present reversible error.

The judgment is affirmed.